MANA HILL, Administrator *vs.* FRANCIS BROWN, Jr.

In a scire facias on a judgment in the Court of Common Pleas, entered upon a transcript from a justice's judgment, the defendant cannot object to the regularity of the justice's judgment, nor go behind the judgment of the court.

This was a scire facias on a transcript of a judgment rendered by a justice of the peace, and recorded in the late Court of Common Pleas, to bind lands.

. The defendant pleaded among other pleas: 3d. That there was no valid execution issued by the justice of the peace. 4th. Nul tiel record of said execution. 5th. That the transcript from the justice's docket was not entered by the prothonotary pursuant to law. 6th. That the prothonotary did not enter the amount of the judgment, from what time interest accrued, the costs and the names of the parties, plaintiff and defendant, as required by the act of assembly.

Demurrer to 3d, 4th, 5th, and 6th pleas; and joinder.

*Cullen.*—The object of this pleading is to contradict and avoid the record of a judgment. This is inadmissible. There can be no plea to a judgment invalidating it; nothing which could have been pleaded before judgment. (1 *Pet. C. C. Rep.* 155, 157; 1 *Chit. Plead.* 485; 2 *Kinne Comp.* 19, 20, 479; 3 *Cranch Rep.* 300; 16 *Johns. Rep.* 537; 13 *Ibid* 537; 17 *Mass. Rep.* 591.)

*Layton.*—All the cases cited, have reference to collateral proceedings in which no impeachment of the record can be allowed. This is a proceeding by the parties to the judgment; and this is the first opportunity of controverting it. Our pleas do not go beyond the judgment. The entry of judgments on transcript is ex parte. The defendant cannot object until after judgment rendered. He is precluded altogether from defence if he cannot controvert the judgment. It is a judgment rendered without authority or jurisdiction. *Dig.* 342, authorizes the entry of judgment only upon filing the transcript with the prothonotary, and his entering the amount of judgment, when it was rendered, when interest commences, the amount of the costs, and the names of the parties. All these are conditions precedent, and unless these are observed there is no judgment; and I may well plead the want of these pre-requisites. The jurisdiction of the court must appear on the record itself. (2 *Bac. Ab.* 105; 9 *Mod. Rep.* 95; 6 *East Rep.* 600; 3 *Dallas Rep.* 382; 4 *Ibid* 8; 1 *Cranch Rep.* 343; 2 *Bac. Ab.* 101; 2 *Tidd's Prac.* 1167, 1158; *Vermont Rep.* 191.)

*Court.*—The rule is very well settled, that in a scire facias on a judgment, the party defendant cannot plead any thing that controverts the judgment, or goes beyond it. He can plead nothing to show that the judgment was irregularly entered. He may deny the existence of the judgment, or of such a judgment as is declared on, which is done by the plea of nul tiel record; or he may plead any matter in discharge of it, as payment, accord and satisfaction, &c. But however irregular the judgment, it can be invalidated only by application to the court to set it aside, or on a writ of error.

The act of assembly authorizes the plaintiff in a judgment given by a justice of the peace, after execution issued and returned nulla bona, to file a transcript in the office of the prothonotary, who is required to make certain entries in his judgment docket, upon which it becomes a judgment of this court. To a scire facias on such a judgment, so docketed, the defendant here pleads that there was no execution issued by the justice of the peace; that the proper docket entries were not made by the prothonotary; and other matters invalidating the judgment itself. We think he cannot do this. The judgment cannot be impeached in this way, any more than a judgment on an award could be impeached by pleading to a scire facias that the award was not valid, or the submission irregular; or to a scire facias on a judgment confessed in debt without writ, a plea denying the power of attorney to confess judgment.

Judgment for demurrant.

*M'Fee* and *Cullen*, for plaintiff.
*Layton*, for defendant.